**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEFFREY SEARLS** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **C.A.No. 09-15Erie** |
| | ) | |
| **CITY OF MEADVILLE,** | ) | **Magistrate Judge Baxter** |
| **Defendant.** | ) | |

**MEMORANDUM OPINION** [1]

Magistrate Judge Susan Paradise Baxter

**A.      Relevant Procedural History**

On January 21, 2009, Plaintiff filed the instant civil rights action claiming that Defendant City of Meadville retaliated against him when it constructively discharged him from his employment as a city police officer. Plaintiff avers that Defendant's actions were taken in retaliation for Plaintiff's exercise of his First Amendment rights under the U.S. Constitution and are violative of 42 U.S.C. § 1983 and §1985. Plaintiff resigned his position as a police officer with the City of Meadville in exchange for the City agreeing not to pursue criminal charges against him stemming from a June 7, 2008 off-duty incident with his neighbor. As relief, Plaintiff seeks monetary damages, as well as various forms of injunctive relief including

_____

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.  Documents # 9, 10.

reinstatement to his position as a police officer.

Defendant has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) arguing that Plaintiff has failed to state a claim because he has not suffered any adverse employment action. Document # 12.   Plaintiff has filed a brief in opposition to the pending dispositive motion. Document # 14.  The issues are fully briefed and are ripe for disposition by this Court.

**B.      Standard of Review**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Erickson v. Pardus, 551 U.S. 89, 95 (2007).  A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S.  265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556.  Although the United States Supreme Court does "not require heightened fact

2

pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.
>
> * * *
>
> After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief. This plausibility requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d. 203, 210-11(3d Cir. 2009).

**C.      Plaintiff's Allegations**

In his Amended Complaint, Plaintiff alleges that prior to becoming employed by the City, Plaintiff contacted State Senator Brian Robbins to inquire about the status of a proposed House Bill that sought to eliminate residency requirements for police officers. Document # 11, Amended Complaint, ¶¶5.  Prior to Plaintiff's appointment as a police officer, the City's Chief of Police told Plaintiff that the Mayor did not want Plaintiff appointed to the position because he had contacted Senator Robbins about the residency requirements.  Id. at ¶¶5-6.  Plaintiff alleges that Chief Steffanucci informed Plaintiff that a note had been passed around the City stating that Plaintiff was a "troublemaker."  Id. at ¶ 7.

Plaintiff was appointed as a probationary police officer in March 2006.  Id. at ¶ 8. Following a one-year probationary period, Plaintiff requested an increase in pay due to his prior experience as a Crawford County Deputy Sheriff.  Id. at ¶¶11-12.  The son of the Chief of Police was also employed as a police officer by the City and his pay had been increased due to his prior experience as an Allegheny College Campus Security Officer.  Id. at ¶12.  Plaintiff alleges that in response to his request for the increased pay, Chief Steffanucci told Plaintiff that if he successfully obtained the increased pay, they "would not be best friends."  Id. at ¶14. Plaintiff was awarded the pay increase.[2]  Id. at ¶13.

On June 7, 2008, while off-duty, Plaintiff hosted a party at his home which resulted in a dispute between himself and his neighbor in which "intemperate language" was used by both

_____

[2]  The complaint does not indicate a date upon which Plaintiff received the increase in salary.

parties.  Id. at ¶17.  Plaintiff's neighbor complained about his off-duty conduct to Police Chief Steffanucci and City Manager Joseph Chriest.  Id. at ¶19.  Thereafter, Steffanucci and Chriest threatened to criminally charge Plaintiff with harassment, public drunkenness, and disorderly conduct arising out of this incident.  Id. at ¶ 20.

 Plaintiff alleges that the City suggested to his union representative that the criminal charges would not be pursued against him if he resigned.  Id. at ¶ 21.  Plaintiff resigned from his position, effective July 2, 2008.  Id.

Plaintiff alleges that the City's threat to file criminal charges against him for the off-duty incident was "grossly disproportionate" to the penalties imposed upon other officers involved in similar incidents.[3]  Id. at ¶ 23.  Plaintiff alleges that he was treated differently from other officers in retaliation for his First Amendment speech expressing support for eliminating residency requirements for police officers (prior to his hiring in March of 2006) and his opposition to "nepotisic pay" for the Chief of Police's son.  Id. at ¶ 27.

Defendant has moved to dismiss for failure to state a claim.  Defendant has limited its argument for dismissal to the sole issue of whether Plaintiff's voluntary resignation constitutes an "adverse employment action."

**D.     Retaliation**

---

[3]  However, Plaintiff has been explicit that he is not pursuing an equal protection claim against the City.  See Document # 14, Opposition Brief, pages 1-2 ("Defendant's motion and accompanying brief seek to read into Plaintiff's amended complaint an equal protection "class of one" theory which is not alleged.  Plaintiff avers it was gross disproportionality which coerced his resignation, not that gross disproportionality in and of itself created an equal protection claim.").

5

In a recent case the Third Circuit summarized the state of First Amendment retaliation law:

> We follow a three-step burden-shifting process when examining a public employee's § 1983 claim of retaliation for engaging in activity protected under the First Amendment.  Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005). First, the employee must show that the activity is in fact protected.  Second, the employee must show that the protected activity was a substantial factor in the alleged retaliatory action.  Third, the employer may defeat the employee's claim by demonstrating that the same adverse action would have taken place in the absence of the protected conduct.  Id.
>
> * * *
>
> The battle [...] over step two [...] actually involves two sub-steps. [...] As stated by the District Court, under the second prong of the retaliation test, the court must determine whether the acts attributed to Defendants are adverse employment actions and ... then examine whether Plaintiff's speech was a substantial or motivating factor in any adverse employment actions taken.

Smith v. Central Dauphin School District, 2009 WL 4730399, at * 8 (3d Cir. Dec.11, 2009).[4]

Here, the sole question before the Court at this point of the proceedings is whether Plaintiff has sufficiently alleged that he suffered adverse employment action.

An employment action will be considered adverse for purposes of First Amendment retaliation analysis if the challenged conduct was sufficient to "deter a person of ordinary

_____

[4]  But see Lauren W. ex rel. Jean W. v. DeFlaminis,480 F.3d 259, 267 (3d Cir.2007) for the Third Circuit's slightly different summarization of the law

"a plaintiff must show: "(1) that [plaintiff] engaged in a protected activity under [the] First Amendment[;] (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights [;] and (3) that there was a causal connection between the protected activity and the retaliatory action."

6

firmness from exercising her First Amendment rights." Malone v. Economy Borough
Municipal Authority, ___ F.Supp.2d ___, ___, 2009 WL 3756673, at *14 (W.D. Pa. Nov. 9,
2009) quoting Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir.2000).

    Here, Plaintiff alleges that he was subject to stricter discipline for the June 2008 off-
duty incident than other police officers who were involved in similar off-duty incidences due to
his past allegedly protected speech (in the form of discussions with the state senator regarding
residency requirements for police officers and in the form of petitioning the City for pay
equality).  The crux of Plaintiff's case is this: the "threatening" of the pursuit of criminal
charges for an the off duty incident "was grossly disproportional to the past practices the City of
Meadville had followed regarding the off duty conduct of other Police Officers" (¶ 23); despite
the fact that this disparity "was brought to the attention of City Manager Chriest and Chief
Steffanucci," they continued in this course of action (¶ 24); and "Plaintiff's resignation
constituted a constructive discharge which ... would not have been tendered had not Defendant
engaged in grossly disproportional retaliatory behavior toward Plaintiff as a result of his
exercise of First Amendment rights; Plaintiff's decision to resign was a reasonable choice given
the objective employment conditions then prevailing."  Document #5.

    In the face of a motion to dismiss, the court must accept all of the complaint's well-
pleaded facts as true, and then "determine whether the facts alleged are sufficient to show that
the plaintiff has a plausible claim for relief." Fowler, 578 F.3d at 211.  It is plausible that the
factual circumstances surrounding Plaintiff's "voluntary resignation" constitute a constructive
discharge.  Courts have held that constructive discharge can serve as adverse employment
action. Pennsylvania State Police v. Suders, 542 U.S. 129, 141 (2004) (constructive discharge
in the context of a retaliation suit under Title VII); Hill v. Borough of Kutztown, 455 F.3d 225

7

(3d Cir. 2006) (constructive discharge in the context of First Amendment retaliation suit); Ivan
v. County of Middlesex, 595 F.Supp.2d 425, 472 (D.N.J. 2009) ("First Amendment retaliation
claims may be available even where the retaliatory conduct is relatively minor [...] Whether the
behavior has a coercive quality is ... relevant to this inquiry."); Price v. Delaware Dept. of
Correction, 40 F.Supp.2d 544, 553 (D.Del. 1999) quoting Jordan v. Clark, 847 F.2d 1368, 1377
n.10 (9th Cir. 1988) ("A constructive discharge qualifies as adverse employment action in the
sense that it is the legal equivalent to actual termination.")[5]

    The inquiry as to whether Plaintiff's voluntary resignation rises to the level of a
constructive discharge is a fact intensive question that is inappropriate at this early stage of the
proceedings on a motion to dismiss.  See Brennan v. Norton, 350 F.3d 399, 419 (3d Cir. 2003)
quoting Suarez Corp. Industries v. McGraw, 202 F.3d 676, 686 (4th Cir.2000) (emphasis added)
("Determining whether a plaintiff's First Amendment rights were adversely affected by
retaliatory conduct is a fact intensive inquiry focusing on the status of the speaker, the status of
the retaliator, the relationship between the speaker and the retaliator, and the nature of the
retaliatory acts.");  Hill, 455 F.3d at 232 n. 7 (disposition of constructive discharge claim is too
fact-intensive to be decided in the context of a 12(b) (6) motion); Levendos v. Stern
Entertainment, Inc., 860 F.2d 1227, 1230 (3d Cir.1988) ("constructive discharge is a fact
intensive inquiry."); Lebofsky v. City of Philadelphia, 2007 WL 1217874, at * 3 (E..D.Pa.,

_____

    [5] In Rutan v. Republican Party, 497 U.S. 62, 75 (1990), the Supreme Court recognized
that "there are deprivations less harsh than dismissal that nevertheless press state employees and
applicants to conform their beliefs and associations to some state-selected orthodoxy." In dicta,
the Court suggested that the First Amendment protects public employees "from even an act of
retaliation as trivial as failing to hold a birthday party for a public employee ... when intended to
punish her for exercising her free speech rights." Id. at 76 n.8.

2007) ("Claims of constructive discharge are highly fact-specific and depend upon the particular circumstances and evidence of each case. This makes claims of constructive discharge unsuitable for judgment on the pleadings.").

      An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEFFREY SEARLS** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **C.A.No. 09-15Erie** |
| | ) | |
| **CITY OF MEADVILLE,** | ) | **Magistrate Judge Baxter** |
| **Defendant.** | ) | |

**O R D E R**

AND NOW, this 18th day of December, 2009;

IT IS HEREBY ORDERED that the motion to dismiss [Document # 12] is DENIED.

By separate Order, a Case Management Conference will be scheduled.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

10